# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| PABLO OLIVERA DOS REIS, <br>     Petitioner. <br><br> v. <br><br><br><br><br><br><br> CALEB VITELLO, <br> Acting Director, <br> United States Immigration <br> and Customs Enforcement; <br> PAMELA JO BONDI <br> Attorney General of the United States of America <br> PATRICIA H. HYDE, <br> Acting Field Office Director, <br> Enforcement and Removal <br> Operations Boston Field <br> Office, United States <br> Immigration and Customs <br> Enforcement; <br> JOSEPH D. MCDONALD, JR., <br> Sheriff, <br> Plymouth Sheriff's Office, <br><br>     Respondents. | Civ. No. 25-10497 <br><br><br><br> VERFIIED PETITION FOR WRIT OF HABEAS CORPUS & HABEAS CORPUS AD PROSEQUENDUM ET TESTIFICANDUM PURSUANT TO 28 U.S.C. § 2241 <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> ORAL ARGUMENT REQUESTED |

## NATURE OF CASE

1. Petitioner Pablo Oliveira Dos Reis ("Mr. Oliveira Dos Reis" or "Petitioner") brings this petition for writs of habeas corpus to compel the government to provide a constitutionally adequate detention hearing and at minimum to ensure he is permitted to exercise his rights under the federal constitution to defend himself in state court.

2. Pursuant to this Court's rulings in *Brito v. Barr*, 395 F. Supp. 3d 135 (2019); Rev'd in part by *Brito v. Garland*, 22 F.4th 240, 246 (1st Cir. 2021); and *Hernandez-Lara v. Lyons*, 10 F.4th 19, 45 (1st Cir. 2021), Mr. Oliveira Dos Reis seeks declaratory and injunctive relief that prohibits further detention without an adequate bond hearing. That hearing is one in which the government bears the burden to prove by a preponderance of the evidence that detention is necessary because Mr. Olivera Dos Reis is a flight risk, and that there is no condition or combination of conditions that will reasonably assure that Mr. Oliveira Dos Reis appears for all immigration court hearings which includes consideration of Mr. Oliveira Dos-Reis's ability to pay in selecting the amount of any bond and suitability for release on alternative conditions of supervision.

3. Additionally, the Petitioner pleads the court to compel the Department of Homeland Security to allow his attendance at state court proceedings. As the

courts of Massachusetts conduct remote appearances from the same facility where Mr. Oliveira Dos Reis is detained, allowing his appearance for state court hearings, which would permit his case to be removed from default status and proceed to adjudication on the merits, would impose a minimal burden on the Respondents. Their repeated refusal to accommodate either remote or in person appearance before the Massachusetts District Court is bereft of any rational justification.

## FACTS

1. Petitioner Pablo Oliveira Dos Reis is a Brazilian national born in 2004 who has lived in the United States since 2019 when he was 15 years old. He was abandoned by his mother as a young child and has pending applications for asylum and Special Immigrant Juvenile Status with the Department of Justice and Department of Homeland Security respectively.

2. Mr. Oliveira Dos Reis enrolled in school, went to work, attended all scheduled immigration hearings and had no contact with law enforcement or Immigration Enforcement until September of 2024.

3. On September 13th, 2024, Mr. Oliveira Dos Reis was sitting in the back seat of a car after some friends invited him to accompany them on a drive. Unbeknownst to him, the driver of the car attempted to sell unlicensed firearms to undercover officers from the Bureau of Alcohol, Tobacco and

Firearms. After the controlled buy, undercover officers approached the vehicle. The police report does not indicate that the officers were in uniform or that officers immediately identified themselves. Mr. Oliveira Dos Reis had no idea what was happening or who the people approaching the car were and made a split-second decision to run away. He was later apprehended by a Massachusetts Police Officer that spoke Portuguese and was able to explain what was happening. Ex 2.

4. U.S. Immigration and Customs Enforcement (ICE) detained Mr. Oliveira Dos Reis upon his release from the custody of the Commonwealth of Massachusetts, after he complied with the state District Court Judge's order that he surrender his passport. He was arrested on a charge of a single count of "Conspiracy" under Mass. GL. 274 § 7. The Complaint is devoid of any evidence that could establish any agreement to join, any knowledge of, overt act or substantial step taken in furtherance of a "conspiracy" *See*, Ex. 1, Ex. 2., Ex 4.

5. His case in the Malden District Court was scheduled for a probable cause hearing to determine if the complaint against him was sufficient to proceed to trial. However, he was unable to attend due to his detention by ICE, as a result, a default warrant was entered in his matter preventing further proceedings before he appears in court to request that the warrant be lifted. Ex. 3. He

requested a custody review before the Executive Office of Immigration Review but was provided a hearing which failed to comply with binding First Circuit precedent. Ex 4., Ex. 5. Agreeing with Mr. Oliveira Dos Reis that there was insufficient evidence to find that he was a danger to the community by clear and convincing evidence, the Immigration Judge nevertheless found that there were no conditions or combination of conditions that could ensure that Mr. Oliveira Dos Reis would appear in immigration court for future hearings. He was denied bond on that basis. This decision was based on the IJ's conclusion that Mr. Oliveira Dos Reis was aware of "the illegality of the conduct that occurred before his eyes" and that because he has "voluntarily connected himself with such dangerous and highly illegal activities" that he would be "unlikely to follow the instructions or other orders of the court should he be granted bond." Ex. 5 The Immigration Judge did not consider any other evidence in her decision or explain why no combination of conditions, including conditions imposed by both state court and the DHS would fail to ensure his participation in the proceedings and compliance with court orders.

6. As it turned out however, it was the EOIR's decision to deny bond and the DHS's refusal to comply with writs of habeas corpus issued by the courts of the Commonwealth of Massachusetts that have prevented Mr. Oliveira Dos

5

Reis from complying with the orders of the courts of the Commonwealth of Massachusetts. In spite of several hearings scheduled in the Malden District Court, with proper notice being sent to ICE, Mr. Olivera Dos Reis has not been brought to proceedings in Massachusetts District Court, forcing him to endure his case lingering in default status with no potential to advance any hearing or motion until he is produced. Ex. 3.

7. In addition, counsel for Petitioner has conferred with the Assistant District Attorney assigned to this matter, who expressed interest in meeting with Mr. Oliveira Dos Reis to explore a proffer or other cooperation in their investigation of the individuals who were the primary target of the investigation. However, the District Attorney stated he would be unable to meet with Mr. Olivera Dos Reis while he was detained by ICE, and therefore could not advance or seek to resolve the case while he was detained by ICE.

8. Mr. Oliveira Dos Reis is therefore being held in a vice worthy of the novels of Franz Kafka or Joseph Heller in which he cannot take any steps to contest the charge that is being used to justify his detention, which is supported entirely by the same charge that his detention is preventing him from contesting.

9. Due Process and commonsense cannot tolerate these deprivations of basic fairness.

## **PARTIES**

10. Petitioner Pablo Oliveira Dos Reis was detained by ICE on or about September 18, 2024. He remains in immigration custody at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

11. Respondent Caleb Vitello is the Acting Director of Immigration and Customs Enforcement and is a legal custodian of Mr. Oliveira Dos Reis. Respondent Vitello is being sued in his official capacity only.

12. Respondent Pamela Jo Bondi is the Attorney General of the United States of America. The Attorney General is the agency head of the Department of Justice and is granted the authority to redetermine the custody status of certain noncitizens that Immigration and Customs Enforcement has chosen to detain. By regulation, this authority is typically vested in Immigration Judges and in the Board of Immigration Appeals, both of which are components of the Department of Justice. The Attorney General is being sued in her official capacity only.

13. Respondent Patricia H. Hyde is the Acting Field Office director for the Boston Field Office of ICE's Enforcement and Removal Operations (ERO) located in Burlington, Massachusetts. The Boston Field Office is responsible for and has authority over ICE's apprehension, detention, and removal operations in Massachusetts, New Hampshire, Connecticut, Rhode Island,

Maine, and Vermont. Acting Field Office Director Hyde is being sued in her official capacity only.

14. Respondent Joseph McDonald is the Sheriff of Plymouth County and is also Petitioner's immediate custodian. He is sued in his official capacity only.

## JURISDICTION

15. This Court has jurisdiction under 28 U.S.C. §§ 2241 *et seq.*, Article I § 9, cl. 2 of the U.S. Constitution ("Suspension Clause"), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 2241 (habeas statute). The action arises under the Due Process Clause and Equal Protection clauses of the Fifth Amendment and the Immigration and Nationality Act. 8 USC 1227 et sec.

## VENUE

16. Venue is proper under 28 §§ 1391 (b)(2) and (e), and 28 U.S.C. §§ 241 *et seq*. Petitioner is detained within this District, and a substantial part of the events giving rise to the claims and relevant facts occurred within the District, including the activities and decision of the Chelmsford Immigration Court and the Boston Field Office of ICE-ERO. Respondent McDonald is located within this District and possesses day-to-day authority over the custody of Petitioner.

## EXHAUSTION OF REMEDIES

17. No exhaustion requirement exists for claims brought here. There is no statutory exhaustion requirement for habeas corpus petitions. See 28 USC §§2241 et seq. In addition, exhaustion would be futile as agencies do not have authority to consider constitutional challenges to their own adjudications. *Matter of C-*, 20 I&N Dec. 529, 532 (BIA 1992) (noting that "it is settled" that the immigration judge and the BIA cannot decide constitutional questions). Exhaustion is therefore a prudential, not a statutory matter. *Figueroa v. McDonald,* 680 F. Supp.3d 18 22-23 (D. Mass. 2018).

18. Exhaustion would also be futile as a practical matter. While Petitioner has noticed an appeal to the Board of Immigration Appeals. Ex. 6. There is little reason to expect that the appeal would be resolved prior to entry and execution of a final order of removal, the entry of which would only make it harder to resolve his criminal matter in state court and could result in him being removed from the United States and barred from reentry without ever having been permitted to resolve his criminal case or his petitions for relief.

19. The Petitioner also sought and was granted two writs of habeas corpus from the District Court of Massachusetts. Neither of which have prompted the Respondents to cooperate with the requests. It is canonical federalism doctrine that state courts cannot compel federal officials to produce federal detainees.

*Tarble Case*, 80 U.S. 397, 20 L.Ed. 597, 13 Wall. 397 (1871). Therefore, the federal courts are the only forum where Petitioner can turn to vindicate his federal constitutional rights.

## **DETENTION UNDER THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C. § 1226(A)**

20. Although the Petitioner, who is detained under 8 U.S.C. § 1226(a) is eligible for a release on bond, the government flouted due process by failing to apply the correct legal standard to his custody redetermination. *Hernandez-Lara* 10 F.4th 19 at 35-40. Rather than evaluate if the Respondent is a flight risk under the correct legal standard, the IJ instead misread the "flight risk" component of the First Circuit's inquiry to apply to anyone who may have witnessed or "associated themselves" with "criminal activity" regardless of the strength of the evidence against them or any defenses they might have. This inadequate bond hearing violated the Petitioner's constitutional and statutory rights. *Id.*

21. The government's authority to detain the Petitioner during his removal proceedings is generally governed under 8 U.S.C. § 1226. He is eligible to be released on bond under 8 U.S.C. § 1226 (a) and is not subject to mandatory detention under 8 U.S.C. § 1226(c) because Petitioner is not removable on the basis of any criminal or national security grounds.

22. ICE made an initial custody determination under 8 C.F.R. § 1236.1(c)(8). The Petitioner requested a custody redetermination of ICE's decision from an

immigration judge through a "custody redetermination hearing" pursuant to 8 C.F.R. § 1236.1(d)(1).

23. Neither the statute nor the regulations require that the Petitioner bear any burden of proof in his bond hearing. Under *Matter of Patel*, 15 I&N Dec. 666, 66-67 (BIA 1976), an alien should not be held or required to post a bond unless he or she is a threat to national security. This precedent was reversed in *Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999), where the BIA, using an inapplicable regulation contained in 8 C.F.R. § 236.1(c)(8), now required that the Petitioner demonstrate he is not a danger to property or persons and that he or she is likely to appear for any future proceeding. *See also Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), holding that the Petitioner bears the burden of proving that he merits a release on bond.

24. The First Circuit, however, has vacated these administrative precedents and held that due process requires that flight risk be proved by the government by a "preponderance of the evidence" standard. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 40 (1st Cir. 2021).

25. To comport with the Due Process Clause and other governing law, at a bond hearing for an 8 U.S.C. § 1226(a) detainee, the government is required to prove by (1) clear and convincing evidence: that the detainee is a danger to others or (2) by a preponderance of the evidence that the detainee poses a

flight risk and; (3) that no condition or combination of conditions will reasonably assure his future appearance and the safety of the community. Additionally, where an immigration judge determines that release on bond is warranted, the immigration judge must consider the detainee's ability to pay the bond before determining the bond amount, as well as whether alternative, nonmonetary conditions are sufficient to permit his release. *Hernandez-Lara* 10 F.4th 19 at 40.

26. The First Circuit held that a lower standard for flight risk is appropriate because "there is less risk of error" from a preponderance standard on this issue:

> as noted, detained citizens possess knowledge of many of the most relevant factors, such as their family and community ties, place of residence, length of time in the United States, and record of employment. And because the burden is on the government, the noncitizen need not prove a negative (by showing, for example, that he or she has not fled prosecution or failed to appear at court) but is instead faced with the more straightforward task of marshalling evidence readily available to her so as to rebut the government's evidence. Given these considerations, the probable value of a heightened standard of proof is thus less apparent when it comes to flight risk. *Id.*

27. Using a conjecture as to Petitioner's knowledge of criminal activity as a basis to conclude he is a flight risk fails to address the relevant factors as provided by controlling case law and flouts the protections of Due Process that the Fifth Amendment held are required to be provided.

12

28. Further, the First Circuit's concern that a higher standard of evidence must be limited to allegations of danger to the community is exemplified by this case. Mr. Oliveira Dos Reis cannot rebut the IJ's conjectures that he will not appear for court or comply with any conditions of release when he is being held indefinitely. Rather in addressing flight risk, the relevant factors do not include unproved criminal complaints. The IJ totally failed to consider the evidence he did present that is relevant to the First Circuit's mandated flight risk analysis. Ex. 4

29. This Due Process injury is especially acute here, where DHS' detention will almost certainly prevent him from ever addressing his criminal case or availing himself of immigration relief if the charge is dismissed or defeated at trial.

30. Further, any administrative appeal of the IJ decision, will not pause or delay the progress of his removal proceedings, which move much faster for noncitizens who are detained, and he will likely be faced with a final administrative decision on removal before any administrative appeal on his custody status is decided.

31. Noncitizens in removal proceedings often have to wait for long periods of time for "collateral relief" from removal to become available. For example, applicants for special immigrant juvenile status, must generally wait three to

five years from the date of application in order to be able to adjust to legal permanent residence. See, "U.S. Department of State Visa Bulletin" at https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin.html (announcing visa availability for, *inter ailia,* category EB4 "special immigrants" including "special immigrant juveniles.")

32. Obtaining continuances, or other administrative accommodations to await availability of relief is by in large left to the discretion of the Executive Office of Immigration Review. However, being detained severely limits any chance of being granted such accommodation in removal proceedings. See,8 CFR 1003.10 (directing Immigration Judges to consider if a respondent is detained as a factor in deciding whether to grant a request for administrative closure of removal proceedings to pursue collateral relief.)

33. The IJ's "[dis]inclin[ation]" to believe Petitioner would appear at future hearings is therefore almost certainly outcome determinative in his removal proceedings unless this court grants relief.

## AUTHORITY TO GRANT RELIEF

34. It is well established in this district that federal district courts have the authority to order immigration officials to transport detained noncitizens to state criminal proceedings. See, e.g. *Figueroa v. McDonald*, 680 F.Supp.3d 18 (D. Mass. 2018).

35. This court also has the authority to review constitutional challenges to the immigration bail system. *Id.* (citing *Jennings v. Rodriguez*, 583 U.S. 281, 138 S. Ct. 830, 841 [U.S. 2018])

36. In this Circuit, district courts have the inherent authority to release petitioners on bail if they demonstrate a "substantial question" of "constitutional error" and "exceptional circumstances." *Yanes v. Martin*, 464 F. Supp. 3d 467 (D. R.I. 2020).

## CLAIMS FOR RELIEF

### COUNT 1 – Detention in Violation of the Fifth Amendment of the U.S. Constitution

37. The foregoing allegations are realleged and incorporated herein.

38. The procedural component of Due Process "imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause." *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

39. Procedural Due Process guides the Department of Justice's exercise of its authority, the three *Matthews* factors as applied by the First Circuit, require that an immigration detainee be provided a bond hearing in which ICE must prove that the petitioner is a danger to the community by clear and convincing evidence or a flight risk by a preponderance of the evidence. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 40 (1st Cir. 2021).

15

40. The hearing provided by the EOIR did not comport with this standard. Instead, while reciting the correct legal formulation, the Immigration Judge failed to consider the relevant evidence or weigh it appropriately. Evidence of proximity to the criminal acts of others, without any evidence of knowledge or involvement in that activity, cannot properly have provided a basis to conclude that no condition or combination of condition could insure his appearance at future hearings. Ex.5

41. The Supreme Court has recently held that even in making decisions over which they have considerable discretion, it is not sufficient for an Immigration Judge to simply state the correct legal standard to satisfy judicial review. Rather, the application of the facts to the law must be reviewed to ensure that legal standards are not simply labels or magic words. See, *Wilkinson v. Garland*, 144 S. Ct. 780, 792 (2024) (determining whether facts meet a legal standard is a mixed question of law that is reviewable). While that case addressed jurisdiction to review statutorily created relief, the principle behind the ruling is at least as, if not more applicable here where the Immigration Judge is required to exercise her discretion in a manner consistent with the Constitution. The IJ badly erred in applying the facts to the law here and as such, Petitioners' continued detention is in contravention of the Constitution.

## COUNT 2 – Violation of Due Process Right to Criminal Process

42. The foregoing allegations are realleged and incorporated herein.

43. In *Boddie v. Connecticut*, the Supreme Court held that "due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." 401 U.S. 371, (1971). The Supreme Court has long recognized that defendants in criminal proceedings must be assured a fair opportunity to present a defense. *See*, *Ake v. Oklahoma*, 470 U.S.68, 76 (1986).

44. Mr. Oliveira Dos Reis is being detained by ICE without being afforded access to his criminal proceeding in the Malden District Court.

45. The Malden District Court has twice issued writs of habeas corpus to request Petitioner's presence and transmitted them to the Enforcement and Removal Operation Field Office in Burlington Massachusetts. The ERO office has failed to produce the Petitioner.

46. Mr. Oliveira Dos Reis's next hearing is scheduled for Wednesday, March 10th, 2025, at Malden District Court.

47. Upon information and belief, the ERO has a near universal policy and practice of not transporting detainees to state court hearings nor allowing

them to appear by video conference from the detention facilities where they are held.

48. Upon information and belief, the ERO will not transport him to Malden District Court or allow him to appear via videoconference without this court's intervention.

49. The burdens on ICE in affording access to state court hearings are minimal and are far outweighed by the fundamental liberty and procedural due process interests of Petitioner in participating in his criminal defense.

## REQUEST FOR ORAL ARGUMENT

Petitioner respectfully requests oral argument on this Petition.

## PRAYER FOR RELIEF

Petitioner asks that this Court grant the following relief:

1. Assume Jurisdiction over this matter.

2. Enter an order forthwith that Respondents provide the Court and Petitioner's counsel with at least two business days' notice prior to any removal of Petitioner from Massachusetts;

3. Issue a writ of habeas corpus ad prosequendum ad testificandum mandating that Respondents transport the Petitioner to all state court hearings.

4. Order Petitioner's release from DHS' on bail or any other conditions that the court deems appropriate

5. Alternatively, declare that Respondents' have not met their burden of proving by a preponderance of the evidence that the Petitioner is a flight risk and order that the EOIR release Petitioner subject to reasonable conditions that will assure his appearance at future immigration court hearings within 5 days of the date of the order.

6. Award attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504, if applicable; and,

7. Order any further relief this Court deems just and proper.

Dated this 2nd day of March 2025,

Respectfully Submitted,

PABLO OLIVERA DOS REIS

By and through his counsel,

＿＿/s/Carl Hurvich＿＿＿
Carl Hurvich (MA B.B.O.698179)
Brooks Law
10 High Street, Ste 3.
Medford, MA 02155
(617) 245 8090
Carl@Brookslawfirm.com

VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I am submitting this verification on behalf of the Petitioner because I am the Petitioner's primary attorney. I have reviewed the record in this matter and represented the Petitioner before the U.S. Department of Justice and in Malden District Court. Based on personal knowledge and, on information and belief, I hereby verify that the factual statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

*/s/ Carl Hurvich /s/*

Carl H. Hurvich

Counsel for Petitioner