UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PABLO OLIVERA DOS REIS,<br>    Petitioner.<br><br>v.<br><br><br><br>CALEB VITELLO,<br>Acting Director,<br>United States Immigration<br>and Customs Enforcement;<br>PAMELA JO BONDI<br>Attorney General of the United States<br>of America<br>PATRICIA H. HYDE,<br>Acting Field Office Director,<br>Enforcement and Removal<br>Operations Boston Field<br>Office, United States<br>Immigration and Customs<br>Enforcement;<br>JOSEPH D. MCDONALD, JR.,<br>Sheriff,<br>Plymouth Sheriff's Office,<br><br>    Respondents. | Civ. No. 25-10497<br><br><br><br>**AFFIRMATION IN SUPPORT OF<br>EMERGENCY EX PARTE<br>REQUEST FOR TEMPORARY<br>RESTRAINING ORDER** |

**AFFIRMATION OF CARL H. HURVICH**

CARL H. HURVICH, an attorney duly admitted to practice before this Court, does herby state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am Carl H. Hurvich, counsel for Petitioner in this action. I am also representing Petitioner before the Executive Office of Immigration Review and the District Court of Massachusetts.

2. I submit this declaration in support of Petitioner's Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65.

3. Petitioner is currently detained by Respondents in Plymouth Correctional Facility in Plymouth Massachusetts.

4. Petitioner's is currently scheduled for a hearing in Massachusetts District Court on March 10th, 2025.

5. Petitioner is also scheduled for a hearing before the Executive of Immigration Review in May of 2025.

6. Based on personal knowledge as well as public source media reports, the federal Respondents are engaged in a practice of removing detained non-citizens from the Commonwealth of Massachusetts to detention faculties in other states such as Pennsylvania, Texas and New Mexico. See, Exhibit A. This practice has greatly increased recently, and detainees are often moved in the middle of the night with no prior notice to themselves of their counsel. The Petitioner in this matter has personally observed many other detainees at Plymouth who have been moved.

7. At this time it is unclear, what, if any criteria govern which detainees are moved to facilities in other states.

8. Petitioner has filed a Petitioner for Writ of Habeas Corpus, challenging the basis of his detention as well as Respondent's refusal to transport him to his criminal trial. The Petition and accompanying exhibit set forth in detail, the legal and factual basis for his claims.

9. While it is generally the practice of judges in this court to issue an order requiring that Respondent's provide notice to the Court and counsel of any intention to relocate Petitioner during the pendency of proceedings, Petitioner and counsel have reason to believe that there is a real and imminent danger that Petitioner may be relocated before such an order may issue in the normal course. Such a move would cause great prejudice to Petitioner and complicate this Court's adjudication of his claims.

10. Therefore Petitioner, through undersigned counsel, respectfully request that this court issue a temporary restraining order forthwith that requires that Respondent's provide the Court

with at least 48 hours' notice prior to removing him from the Commonwealth of Massachusetts.

11. Petitioner's counsel respectfully contends that such an order will cause minimal prejudice to Respondents as it will only hasten the issuance of order that is normally imposed in the normal course in order to aid the Court's ability to fully consider the Petition.

Dated: Medford, Massachusetts
       March 2nd, 2025

                                                        /s/Carl Hurvich
                                                        Carl Hurvich
                                                        Counsel for Petitioner