**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PABLO OLIVEIRA DOS REIS,

        The Petitioner,

v.

JOSEPH D. MCDONALD, JR., Sheriff,
Plymouth Sheriff's Office,

        Respondent.

Civil Action No. 1:25-CV-10497-RGS

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE RESPONDENT'S MOTION TO DISMISS**

Respondent, by and through his attorney, Leah B. Foley, United States Attorney for the

District of Massachusetts, respectfully moves this Court to dismiss Petitioner's Verified Petition

for Writ of Habeas Corpus & Habeas Corpus ad Prosequendum et Testificandum pursuant to 28

U.S.C. §2241 ("Petition") in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P.

12(b)(6).

The Petitioner Pablo Oliveira Dos Reis ("the Petitioner") has brought a Petition (ECF No.

1), requesting that this Court (1) issue a writ of habeas corpus mandating that the Respondents

transport the Petitioner to all state court hearings, (Petition, page 18), and (2) declare that the

Petitioner is not a flight risk and order the Petitioner's release from immigration custody on bail

and conditions of release.  (Petition, page 19).[1]

---

[1] The Petitioner also requests that the Court order that Respondents provide two business days' notice prior to any removal of the Petitioner from Massachusetts.  (Petition, Page 18).  This request has been mooted by the Court's March 2, 2025 Order granting this relief.  (ECF No. 4). By Order of March 3, 2025, this Court ordered that the motion for this relief be denied as moot. (ECF No. 5).

The Petitioner's request to be transported to his state court proceedings is moot, as the parties have agreed to have the Petitioner attend those state court proceedings virtually by Zoom.

The Petitioner's request that this Court allow for his release, despite the Immigration Court's order of detention, and despite his pending appeal of that detention order before the Board of Immigration Appeals, must be dismissed for lack of subject matter jurisdiction. First, the Petitioner has failed to exhaust his administrative remedies. Second, the Immigration Court's decision to detain the Petitioner is not subject to review by this Court. For these reasons, the Petition should be dismissed in its entirety for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Alternatively, if this Court chose to review the merits of the Immigration Court's order denying bond, the Petitioner has failed to state a claim showing that the Immigration Court abused its discretion. Accordingly, this claim also fails under Federal Rule of Civil Procedure 12(b)(6).

## I.    BACKGROUND

The Petitioner is a Brazilian national who has lived in the United States since 2019. (Petition ¶ 1). On March 12, 2021, the U.S. Department of Homeland Security initiated removal proceedings against the Petitioner. (ECF No. 1-7, page 2). [2]

On September 13, 2024, the Petitioner was a passenger in the rear seat of a 2015 blue Honda Accord being driven by Joao Vitor Dos Santos Goncalves Pimenta. (ECF No. 1-4, page 5). At around 12:40 pm, Pimenta parked the blue Honda Accord in the area of 99 Charles Streein Malden, MA directly next to another car ("Second Car"). *Id.* A black Toyota Prius pulled next to the Honda Accord, and the driver, Julio Martins, handed a small gift bag

---

[2] For purposes of this Motion to Dismiss, the facts of this case are based on what are alleged in the Petition and contained in the Exhibits attached to the Petition.

containing an AR-15 semi-automatic pistol to Pimenta.  *Id.*   Pimenta then went to the Second

Car and sold the AR-15 semi-automatic pistol to the person sitting inside.  (ECF No. 1-4, page

6).  When the deal was complete, three vehicles with ATF agents arrived on the scene, and

Pimenta started running away.  *Id.*  He was apprehended and taken into custody.  *Id.*

When an ATF Agent approached the blue Honda Accord, the Petitioner took off running,

but he was apprehended and taken into custody.  *Id.*  The ATF agents also arrested the driver of

the black Toyota Prius, Julio Martins, and the passenger of that car, Pedro Almeida De Souza.

(ECF No. 1-4, pages 6-7).  All four men were charged with firearm-related offenses.  The

Petitioner was charged with conspiracy (trafficking in a firearm).  (ECF No. 1-4, page 7).

On September 16, 2024, the state court (Malden District Court) ordered the Petitioner

held without bail until he surrendered his passport.  (ECF No. 1-5, page 10).  After the Petitioner

surrendered his passport and was released by the state court, he was detained by ICE.  (Petition ¶

4).

On November 25, 2024, the Immigration Court held a custody redetermination hearing.

(ECF No. 1-7, page 2).  The Immigration Judge found that DHS had met its burden of

demonstrating that the Petitioner posed a flight risk by a preponderance of the evidence, and

ordered that bond be denied.   (ECF No. 1-7, pages 4-5).

On November 27, 2024, the Petitioner filed an appeal of the Immigration Court's

decision in the bond proceeding.  (ECF No. 1-8, pages 9-10).

On March 2, 2025, the Petitioner filed a motion for a temporary restraining order to

require the government to give notice to the court prior to removing the Petitioner outside the

District of Massachusetts.  (ECF No. 2).

On March 2, 2025, the Court issued an Order directing that the Petitioner not be moved

outside the District of Massachusetts without providing the Court 48 hours' advance notice of the move and the reason thereof.  (ECF No. 4).

On March 3, 2025, the Court ordered that the Petitioner's motion for a temporary restraining order be denied as moot in light of the Court's March 2, 2025 order; and ordered that Joseph D. McDonald, Jr., who is the Petitioner's immediate custodian, shall be the sole respondent, with the other named respondents to be terminated from this action.   (ECF No. 5).

## II.    STANDARDS OF REVIEW

### A.    Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

A district court should dismiss claims under Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction to decide them.  "In ruling on a motion to dismiss for lack of jurisdiction, 'the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff.'"  *Excel Home Care, Inc. v. U.S. Dep't of Health & Human Servs.*, 316 B.R. 565, 568 (D. Mass. 2004) (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)).  But "[t]hat is not to say that this leniency eliminates the plaintiff's burden of proving an appropriate jurisdictional basis."  *Id.* "The party asserting subject matter jurisdiction has the burden of establishing its existence." *Hamada v. Gillen*, 616 F.Supp.2d 177, 180 (D. Mass. 2009) (citing *McBee v. Delica Co., Ltd.*, 417 F.3d 107, 122 (1st Cir. 2005)).

Moreover, "[w]hile the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion and attaching exhibits to a Rule 12(b)(1) motion does not convert it to a motion for summary

4

judgment." *Boniface v. Viliena*, 338 F. Supp. 3d 50, 60 (D. Mass. 2018) (citing *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002), as corrected (May 8, 2002)).

**B.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

A district court should dismiss claims under Fed. R. Civ. P. 12(b)(6) when the underlying allegations fail "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  "The plausibility standard invites a two-step pavane." *A.G. ex rel. Maddox v. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013).  "At the first step, the court 'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012)).  "At the second step, the court must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*  A district court should thus dismiss a claim "if the complaint does not set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *U.S. ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 384 (1st Cir. 2011) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008)).  This requires a plaintiff to plead "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**III.    ARGUMENT**

**A.    Request to Appear at State Court Proceedings**

The Petitioner requests that the Court direct the Respondent to transport the Petitioner to

all state court hearings, arguing that his ICE detention is preventing him from appearing at his state court criminal proceedings in Malden District Court.

On March 6, 2025, the parties met and conferred by telephone.  The undersigned advised the Petitioner's counsel that Immigration and Customs Enforcement's Enforcement and Removal Operation ("ICE") has agreed to allow the Petitioner to appear virtually by Zoom for his state court hearings.  The parties agreed that the Petitioner's request to appear at state court proceedings is met insofar as those proceedings can be attended virtually.  The Malden District Court and ICE have accommodated for the same.   Indeed, the Petitioner had a virtual state court hearing on March 10, 2025.  ICE produced the Petitioner for that virtual court hearing, which the Petitioner attended by Zoom.

Thus, so long as Petitioner's state court proceedings can be attended virtually, the Petitioner's request is moot.  If there comes a time when the state court requires the Petitioner's personal appearance at trial or other proceeding, the Petitioner can renew his request for relief at that point.  For now, there are no such in-person proceedings scheduled or in the foreseeable future, and thus there is no live case or controversy for this Court to decide.

This Court's jurisdiction under the Constitution extends only to actual, ongoing controversies, and thus Court is precluded from deciding cases where the issues presented are no longer "live" or if "the parties lack a legally cognizable interest in the outcome*." Pietrangelo v. Sununu*, 15 F.4th 103, 105 (1st Cir. 2021).  Article III of the Constitution limits federal courts' jurisdiction to certain "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1.  "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S.

332, 341 (2006)).  An actual controversy must exist at all stages of review, not merely when the

complaint is filed.  *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016), as revised (Feb. 9,

2016).   "When a case is moot—that is, when the issues presented are no longer live or when the

parties lack a legally cognizable interest in the outcome—a case or controversy ceases to exist,

and dismissal of the action is compulsory."  *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir.

2001); see also *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quoting *U.S. Parole Comm'n v.

Geraghty*, 445 U.S. 388, 396 (1980)).

Because the only state court hearings scheduled for the Petitioner can be attended

virtually at this point, the Petitioner's request to attend those hearings has been met and is moot.

Petitioner's request to be transported to state court proceeding should be dismissed.

**B.      Request for this Court to Review the Immigration Court's Bond Decision**

The Petitioner requests that this Court release him from ICE detention, alleging that the

Immigration Court violated due process by failing to apply the correct legal standard to his

custody redetermination.  However, this Court should decline to review this request, given that

the Petitioner has failed to exhaust his administrative remedies, and given that the Immigration

Court's discretionary decision to deny bond is not reviewable by this Court.  Even if this Court

decided to review the Immigration Court's detention order, it should find that the Immigration

Court did not abuse its discretion in denying bond.

**1.      Failure to Exhaust Administrative Remedies**

The Petitioner's appeal of the Immigration Court's detention order is pending before the

Board of Immigration Appeals ("BIA").  The Petitioner filed that appeal on November 27, 2024.

(ECF Doc. 1-8, page 10).  It is therefore undisputed that the Petitioner has failed to exhaust his

administrative remedies because he cannot appeal to the federal court until the BIA has ruled.

This Court should decline to review the Immigration Court's order.

"Generally speaking, a plaintiff's failure to exhaust [his or] her administrative remedies precludes [him or] her from obtaining federal review of claims that would have properly been raised before the agency in the first instance." *Brito v. Garland*, 22 F.4th 240, 255 (1st Cir. 2021). As the First Circuit has noted, "[e]xhaustion allows 'an agency the first opportunity to apply [its] expertise' and 'obviat[es] the need for [judicial] review in cases in which the agency provides appropriate redress." *Id.* at 256 (quoting *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 174-76 (1st Cir. 2016)).

The First Circuit has recognized "two species of exhaustion: statutory and common-law. The former deprives a federal court of jurisdiction, while the latter 'cedes discretion to a [federal] court to decline the exercise of jurisdiction.'" *Id.* "Although exhaustion of administrative remedies is absolutely required if explicitly mandated by Congress, courts have more latitude in dealing with exhaustion questions when Congress has remained silent." *Portela-Gonzalez v. Secretary of the Navy*, 109 F.3d 74, 77 (1st Cir. 1997) (internal citations omitted).

The case at bar presents a common-law exhaustion situation, where courts have more latitude. In these situations, a court may hear unexhausted claims in "'circumstances in which the interests of the individual *weigh heavily* against requiring administrative exhaustion.'" *Id.* (emphasis added). These circumstances include those where: (1) "a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim," or (2) "substantial doubt exists about whether the agency is empowered o grant meaningful redress," or (3) "the potential decisionmaker can be shown to have predetermined the issue. *Id.* (internal citation omitted); *see Flores-Powell v. Chadbourne*, 677 F.Supp.2d 455, 463 (D. Mass 2010); *Duy Tho Hy v. Gillen*, 588 F.Supp.2d 122, 125 (D. Mass. 2008) ("Where Congress does not

mandate exhaustion by statute, the court's discretion governs whether a Petitioner must exhaust his administrative remedies before applying for relief in federal court.  A court may excuse a failure to exhaust where administrative review would be futile or where the agency has predetermined the issue before it.").

This Court, in determining whether to exercise its discretion to address the Petitioner's challenge to the Immigration Court's detention order, must decide whether the "twin purposes of protecting administrative agency authority and promoting judicial efficiency" are outweighed by the Petitioner's interest in immediate adjudication of his claim by this Court.  *Flores-Powell*, 677 F.Supp.2d at 464 (citing *Portela-Gonzalez v. Secretary of the Navy*, 109 F.3d 74, 77 (1st Cir.1997)).

In this case, the Petitioner acknowledges that he has noticed an appeal to the BIA, but he argues that "[t]here is little reason to expect that the appeal would be resolved prior to the entry and execution of a final order of removal."  (Petition ¶ 18).  Plaintiff's argument is entirely speculative, and he fails to allege circumstances that heavily outweigh the exhaustion requirement.

First, the Petitioner cannot show that he may suffer irreparable harm if unable to secure immediate judicial consideration of his claim (namely that he should be released rather than detained).  As noted above, the parties have agreed to allow the Petitioner to attend his state court criminal proceedings by Zoom.  Whether the Petitioner is in custody or released therefore has no effect on his ability to participate in his state court proceedings and also will not have any impact on the speed at which those state court proceedings unfold.

Second, the Petitioner fails to show that the BIA is not empowered to grant meaningful redress – on the contrary, the BIA, which is the body with the expertise and authority in this area,

9

has the power to reverse (or affirm) the detention decision of the Immigration Court. Finally, the

Petitioner does not allege that the BIA has predetermined this issue.[3]

The Court should decline to review the Immigration Court's detention order given that

this very issue is pending before the Board of Immigration Appeals, and there is no reason why

the failure to exhaust administrative remedies should be excused.

### 2.    This Court Lacks Jurisdiction over the Discretionary Bond Decision

In this case, the Petitioner was detained under 8 U.S.C. § 1226(a), which provides the

Attorney General the discretion to detain an alien pending a decision on whether the alien is to

be removed from the United States.

This Court lacks jurisdiction to review the Immigration Court's decision to detain the

Petitioner without bond because "Congress has eliminated judicial review of discretionary

custody determinations." *Pensamiento v. McDonald*, 315 F.Supp.3d 684 , 688 (D. Mass. 2018)

(citing 8 U.S.C. § 1226(e)).   Section 1226(e) states: "No court may set aside any action or

decision by the Attorney General under this section regarding the detention or release of any

alien or the grant, revocation, or denial of bond or parole." *Id.*  This provision bars an alien's

challenge to "a 'discretionary judgment' by the Attorney General or a 'decision' that the

Attorney General has made regarding his detention or release." *Demore v. Kim*, 538 U.S. 510,

516 (2003). *See Hamada v. Gillen*, 616 F.Supp.2d 177, 181 (D. Mass. 2009) (holding that

Section 1226(e) barred the district court from reviewing the Immigration Judge's and the BIA's

decision to detain the petitioner, where the petitioner challenged the decision as "minimizing

---

[3] In support of his exhaustion argument, the Petitioner also alleges that he also sought and was granted two writs of habeas corpus from the District Court of Massachusetts, and he alleges that the Respondents did not cooperate with those requests.  (Petition ¶ 19).  By "District Court of Massachusetts," the Petitioner appears to be referring to the state court, namely the Malden District Court.  As noted above, ICE has agreed to honor state habeas petitions to produce the Petitioner for virtual state court hearings.

significant equitable factors in Petitioner's favor.").

Another independent ground for this Court's lack of jurisdiction over the Immigration Court's bond decision is 8 U.S.C. § 1252(a)(2)(B)(ii).  Section 1252(a)(2)(B)(ii) provides that "Notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of Title 28, or any other habeas corpus provision, and except as provided in subparagraph (D), and regardless of whether the judgment, decision or action is made in removal proceedings, no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title [asylum-related claims]."  8 U.S.C. § 1252(a)(2)(B)(ii).

The First Circuit has recognized that Section 1252(a)(2)(B)(ii)'s bar on review of discretionary immigration decisions applies to discretionary bail determinations under 8 U.S.C. § 1226(a).  *See Alsamhouri v. Gonzalez*, 484 F.3d 117, 122 (1st Cir. 2007) (indicating that 1252(a)(2)(B)(ii) applies to decisions made under Section 1226(a)); *Saint Fort v. Ashcroft*, 329 F.3d 191, 2032 (1st  Cir. 2003) (habeas review may consider whether an alien is eligible for discretionary determination, but may not consider the "agency's decision to exercise or not exercise its discretion to grant relief.");  *see also Powell v. Chadbourne*, 677 F.Supp.2d 455, 475 (D. Mass. 2010).

The exception to the jurisdictional bars of both Section 1226(e) and Section 1252(a)(2) is where a party brings constitutional challenges to the immigration bail system.  *See Pensamiento*, 315 F.Supp.3d at 688; U.S.C. § 1252(a)(2) (subsection D).  Here, the Petitioner has not adequately pled any constitutional challenges to the Immigration Court's order denying bond.

Instead, he takes issue with how the Immigration Court weighed the factors in his case in arriving at its decision of detention without bond.[4]

Because the Immigration Court detained the Petitioner under Section 1226(a), this Court is precluded from reviewing that discretionary bail determination under both 8 U.S.C. § 1226(e) and 8 U.S.C. § 1252(a)(2)(B)(ii).

### 3.    Immigration Court's Bond Decision was Not an Abuse of Discretion

Even if the Court were to review the Immigration Court's decision to deny bond, the Petitioner's claim that his due process rights were violated by that order should be dismissed. The Petitioner has failed to meet his heavy burden of showing that the Immigration Judge abused his discretion in denying bond.  Therefore, the Petitioner has failed to state a claim upon which relief can be granted, and this request should be denied.

 "Decisions to deny bond are within the discretion of the Attorney General, *Kamara v. Farquharson*, 2 F.Supp.2d 81, 87-88 (D. Mass 1998), and can be judicially overridden only when the alien carries his "heavy burden" to establish an abuse of that discretion.  *Rowe v. Immigration and Naturalization Service*, 45 F.Supp.2d 144, 146-147 (D. Mass. 1999) (citing *United States ex rel. Barbour v. District Director of the INS*, 491 F.2d 573, 578 (5th Cir. 1974)).

In the present case, the Immigration Court held a custody redetermination hearing on November 25, 2024.  (ECF No. 1-7, page 2).  In its Memorandum of Decision, the Immigration Court confirmed that it had reviewed all of the bond exhibits that were admitted into the record. (ECF No. 1-7, page 3).  The Immigration Court then invoked the correct legal standard under the First Circuit's decision in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021), which held

---

[4] Further, even if a constitutional claim had been adequately pled, such a claim would properly be before the First Circuit Court of Appeals, and not this Court for purposes of 8 U.S.C. § 1252(a)(2)(B)(ii) (Subsection D).

that in order to continue detaining an alien during the pendency of her removal proceedings under 8 U.S.C. § 1226(a), "due process requires the government to either (1) prove by clear and convincing evidence that she poses a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk." *Id.* at 41.  (ECF No. 1-7, page 3).

The Immigration Court found that the government, the Department of Homeland Security ("DHS"), had not met its burden of demonstrating by clear and convincing evidence that the Petitioner posed a danger to the community, but that DHS had met its burden of showing by a preponderance of the evidence that the Petitioner posed a flight risk which the Court found could not be ameliorated by any conditions or bond amount.  (ECF No. 1-7, page 4).

The Immigration Court found that "there is a preponderance of the evidence of [the Petitioner's] awareness of the illegality of the conduct that occurred right before his eyes" and "[b]ecause [he] has voluntarily connected himself with such dangerous and highly illegal activities, the Court is not inclined to believe he is likely to follow the instructions or other orders of the Court should he be granted bond."  (ECF No. 1-7 at pages 4-5).

The Petitioner alleges that the Immigration Court failed to address the relevant factors for flight risk, citing dicta from *Hernandez-Lara* 10 F.4th at 40, in which the First Circuit explained why a lower standard of proof (preponderance) applied to flight risk, since "detained citizens possess knowledge of many of the most relevant factors, such as their family and community ties, place of residence, length of time in the United States, and record of employment," and "the noncitizen . . . [has] the more straightforward task of marshalling evidence readily available to her. . . ."  *Id*. at 40.  Nowhere does the First Circuit state that these "relevant factors" are an exhaustive list.  Nor is this language part of the holding of the *Hernandez-Lara* case.

In the present case, in its Memorandum of Decision, the Immigration Court confirmed

that it had "reviewed the record in its entirety and is familiar with all submissions and evidence. Full consideration and appropriate weight have been given to all admitted exhibits and evidence regardless of whether specifically summarized or referenced herein." (ECF No. 1-7, page 3). Thus, any evidence that the Petitioner had submitted on his behalf regarding any factors relevant to flight risk had been reviewed and fully considered by the Immigration Court.

In explaining the decision to deny bond, the Immigration Court focused on one unique factor which was the Petitioner's close proximity to, and connection with the illegal sale of an AR-15 semi-automatic gun. As the Immigration Court reasoned, the Petitioner's willingness to be present during, and be connected with dangerous and highly illegal activity, indicated that the Petitioner was not likely to obey the instructions or other orders of the court in the event he were granted bond. (ECF No. 1-7, pages 4-5). For the Immigration Court, this last fact outweighed the other factors that were in the record, which is why it was specifically mentioned. The absence of explicit mention of other factors does not mean that they were not considered. On the contrary, the Immigration Court had prefaced the Memorandum by confirming that everything in the record had been fully considered and weighed in the analysis. The Immigration Court's decision to deny bond in this case was within the range of reasonable decisions that might have been reached on the record. Therefore, it is of "no consequence" if this Court, in weighing the factors de novo, would have arrived at a different conclusion. *Rowe v. INS*, 45 F.Supp.2d at 147.

Accordingly, if this Court chooses to review the decision of the Immigration Court, the allegations set forth by the Petitioner fail to state a claim upon which relief can be granted. This Petiton should be dismissed.

IV.    **CONCLUSION**

The Petitioner's request that this Court issue a writ of habeas corpus mandating that

Respondent transport the Petitioner to all state court hearings is moot, as the parties have agreed that the Petitioner will be allowed to virtually appear via Zoom for those court proceedings.

The Court should decline to review the Petitioner's remaining request, that he be released from ICE custody on bail, given that the Petitioner has failed to exhaust his administrative remedies, and the Immigration Court's bail decision under 8 U.S.C. § 1226(a) is not reviewable by this Court, under 8 U.S.C. § 12126(e) and 8 U.S.C. § 1252(a)(2)(B)(ii).  For these reasons, the Petition should be dismissed in its entirety for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Finally, even if this Court were to review the merits of the Immigration Court's order denying bond, the Petitioner has failed to state a claim showing that the Immigration Court abused its discretion.  Accordingly, this claim also fails under Federal Rule of Civil Procedure 12(b)(6).

For all of the foregoing reasons, this Court should dismiss the Petition in its entirety.

                                                           Respectfully submitted,

                                                           LEAH B. FOLEY
                                                           United States Attorney

Dated: March 17, 2025                           By:   */s/ Shawna Yen*
                                                           Shawna Yen
                                                           Assistant U.S. Attorney
                                                           U.S. Attorney's Office
                                                           John J. Moakley U.S. Courthouse
                                                           1 Courthouse Way, Suite 9200
                                                           Boston, MA  02210
                                                           Tel.: 617-748-3100
                                                           Email: Shawna.Yen@usdoj.gov

15

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated:  March 17, 2025          By:    */s/ Shawna Yen*
                                       SHAWNA YEN
                                       Assistant United States Attorney