UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 25-10497-RGS

PABLO OLIVERA DOS REIS, Petitioner

v.

CALEB VITELLO, Acting Director, United States Immigration
and Customs Enforcement;
PAMELA JO BONDI, Attorney General of the United States of America;
PATRICIA H. HYDE, Acting Field Office Director, Enforcement and
Removal Operations Boston Field Office, United States Immigration and
Customs Enforcement;
JOSEPH D. MCDONALD, JR., Sheriff, Plymouth Sheriff's Office

April 8, 2025

STEARNS, D. J.

Petitioner Pablo Oliveira Dos Reis (Dos Reis) a Brazilian national who has resided in the United States since 2019, filed this petition for habeas corpus after an Immigration Judge (IJ) ordered him held without bail after U.S. Immigration and Customs Enforcement (ICE) took him into custody. At the time of his detention by ICE, Dos Reis faced a firearms conspiracy charge in the courts of the Commonwealth. Initially, Dos Reis sought an injunctive order compelling federal authorities to arrange his personal transport from the federal detention facility where he is being held (Plymouth Jail) to his pending state legal proceedings in the Malden District Court. This issue became moot when the parties agreed to Dos Reis's

appearance in the Malden court by ZOOM. Dos Reis then shifted his focus to a request that this court overturn the finding of the IJ that he posed a risk of flight if released on bond pending the outcome of the parallel criminal and immigration proceedings.

## BACKGROUND[1]

Olivera Dos Reis emigrated to the United States at age fifteen in unexplained circumstances. He currently has pending applications for asylum and for Special Immigrant Juvenile Status before the Department of Justice and the Department of Homeland Security (DHS). Since arriving in the United States Dos Reis has been enrolled in school and gainfully employed. He has attended all his scheduled immigration hearings and had no contact with law enforcement or Immigration Enforcement prior to his current arrest.

In September of 2024, Dos Reis was a passenger in the rear seat of a Honda Accord being driven by one Joao Vitor Dos Santos Goncalves Pimenta. The driver of a second car approached the Honda and handed Pimenta a bag containing an AR-15 semi-automatic pistol. Pimenta then

---

[1] The following facts are those asserted in petitioner's VERFIIED PETITION FOR WRIT OF HABEAS CORPUS & HABEAS CORPUS AD PROSEQUENDUM ET TESTIFICANDUM PURSUANT TO 28 U.S.C. § 2241. *See* Dkt #1 at 2-6.

sold the gun to a party in a nearby third car. ATF agents interrupted the sale causing Dos Reis to run from the scene. Malden Police (again in unexplained circumstances) subsequently took Dos Reis into custody. Four of the five suspects detained because of the incident were charged with the illegal sale of a firearm. Dos Reis was charged with participating in a firearms trafficking conspiracy and held without bail.

On November 25, 2024, the IJ held a custody redetermination hearing. After reviewing the record evidence, she ruled that DHS had failed to demonstrate by clear and convincing evidence that Dos Reis posed a present danger to the community, she was "disinclined to believe" that Dos Reis would abide by the orders of the court if released, given his "awareness of the illegality of the conduct that occurred right before his eyes" and the fact that he had "voluntarily connected himself with such dangerous and highly illegal activities." Dkt # 1-7 at 3-4. Accordingly, she found by a preponderance of the evidence that DHS had established that Dos Reis posed a risk of flight and refused to set a bond.

Dos Reis timely appealed the IJ's decision to the Board of Immigration Appeals (BIA) on November 27, 2024, where, as of this date, the appeal remains pending. On March 12, 2025, DHS initiated removal proceedings against Dos Reis.

DISCUSSION

Dos Reis now in effect asks this court to step into the shoes of the BIA and reverse the IJ's bail determination, apparently on grounds that the IJ's explanation of her decision is insufficiently fulsome in detail to satisfy due process. DHS opposes the request, arguing that the issue is not ripe and notwithstanding ripeness, a district court lacks jurisdiction to correct an IJ's alleged errors of law.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *See Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013). However, "[w]hen a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010). "The district court may also 'consider whatever evidence has been submitted, such as the depositions and exhibits.'" *Id.* (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)). DHS argues with some force that Congress has eliminated judicial review of discretionary custody determinations. *See* 8 U.S.C. § 1226(e). There is authority, however, suggesting that a court may intervene where an immigration bail determination is *ultra vires* or facially unconstitutional. *See Hernandez-*

4

*Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021) ("But § 1226(e) does not preclude "challenges [to] the statutory framework that permits [the alien's] detention without bail", citing *Demore v. Kim*, 538 U.S. 510, 517 (2003).

This is not however that exceptional case. While a noncitizen like Dos Reis is entitled to due process, his argument is not that he has been denied due process but that he has not received enough of it with the outcome he believes he is entitled to. At most he is arguing that the IJ's cursory finding that he presents a flight risk was based on insufficient (or insufficiently articulated) evidence. This is precisely the type of alleged error committed to review by the BIA (and in most circumstances ultimately by the Federal Circuit Court of Appeals). This court is not in a position at this moment to say that Dos Reis's appeal to the BIA is "futile" or "wasteful." Given the extraordinary case load of the BIA, the result may not be as expeditious as one might wish, but neither is it so "prolonged" as to rise to a violation of due process. *See Reid v. Donelan,* 17 F.4th 1, 9 (1st Cir. 2021). Consequently, the request that this court intervene in the proceedings is DENIED without prejudice.[2]

---

[2] Dos Reis's fear appears to be that he will be removed by DHS prior to any resolution by the BIA of his appeal. It is this court's understanding that an appeal timely file (as Dos Reis's was) with the BIA stays any removal until a decision is rendered. As this court, however, has not fully studied this issue it will continue in place its prior order requiring defendants to give the court

ORDER

For the foregoing reasons, the motion to dismiss is DENIED. This matter is STAYED pending the decisions of the state courts and the BIA.

SO ORDERED.

<u>Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE

---

48 hours advance notice of any planned removal of Dos Reis to give it an opportunity to make any further rulings it deems appropriate.